**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HEGAR ESPINOSA CISNERO,<br><br>Petitioner,<br><br>-vs-<br><br>FRED FIGUEROA, Warden of the Diamondback Correctional Facility, in his official capacity, et al.,<br><br>Respondents. | ) | NO. CIV-26-2362-HE |

**ORDER**

Petitioner Hegar Espinosa Cisnero, a Cuban citizen, was taken into custody and detained by United States Immigration and Customs Enforcement (ICE) officers on June 25, 2026. He is currently housed at the Diamondback Correctional Facility in Watonga, Oklahoma.

On September 2, 2026, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming his detention violates his due process rights under the Fifth Amendment. The petition requests petitioner's release from custody, or alternatively, a bond hearing in which respondents bear the burden of proof by clear and convincing evidence. As directed, the federal respondents filed a response to the petition, asserting petitioner is subject to mandatory detention under 8 U.S.C.§ 1225(b)(1)(A)(i), because he is an "arriving alien" who lacked the necessary travel documents.

The petition and record indicate petitioner entered the United States at or near Miami, Florida on or about December 30, 2023. [Doc. #1, ¶33, Doc. #8-1]. According to

the petition and attached exhibits, petitioner was paroled into the country until December 28, 2025. [Doc. #1, ¶ 33, Doc. #1-3]. The petition indicates petitioner submitted an I-485 application to adjust his status under the Cuban Adjustment Act. Id. at ¶ 35]. According to respondents' records, the I-485 application was revoked as of June 12, 2025. [Doc. #8-2, ECF p. 3].

On June 25, 2026, petitioner was taken into custody after a routine traffic stop. He was transferred to ICE custody on June 30, 2026. The Department of Homeland Security immediately commenced removal proceedings through the issuance of a Notice to Appear [Doc. #8-1], designating petitioner as an "arriving alien" and charging him as subject to removal under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1182(a)(6)(A)(i). Thereafter, on August 6, 2026, petitioner's charge was modified so that he was subject to removal pursuant to section 212(a)(7)(A)(i)(I) of the INA, codified at 8 U.S.C. § 1182(a)(7)(A)(i)(I). That section subjects an immigrant to removal who "is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by [the INA)] and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General[.]" [Doc. #8-1, ECF p. 4].

The record indicates that on July 26, 2026, the Immigration Judge denied bond because he concluded he lacked jurisdiction because petitioner was classified as an arriving alien.

Upon review, the court concludes that the habeas petition should be granted. The court concludes that petitioner is not properly classified as an arriving alien who is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(A)(i). The "Arriving Aliens Provision" of § 1225(b)(1) subjects an alien "who is inadmissible due to lack of entry documents or fraud or willful misrepresentation on an admission application *and* 'who is arriving in the United States'" to expedited removal proceedings. Rodriguez-Acurio v. Almodovar, 811 F. Supp. 3d 274, 305 (E.D.N.Y. 2025) (quoting 8 U.S.C. § 1225(b)(1)(A)(i)) (emphasis in original). The INA does not define the term "arriving." Given its plain meaning, "'arriving' . . . "refer[s] to a process that occurs upon physical entry into the United States, not an interminable . . . status that attaches to a noncitizen upon arrival." Rodriguez-Acurio, 811 F. Supp. 3d at 306 (quotation marks and citation omitted). "Therefore, an 'arriving alien' is one who is in the process of reaching the United States." Rodriguez-Acurio, 811 F. Supp. 3d at 306. Here, petitioner was not in the process of reaching the United States when he was taken into ICE custody on June 30, 2026. He had been residing in the United States for over two and one half years. Consequently, he cannot be classified as an alien "who is arriving in the United States" and therefore subject to expedited removal proceedings. *Id*. at 307 (petitioner not in the process of arriving in the United States when she entered the United States more than four years prior to her arrest). Therefore, petitioner does not fall within the "Arriving Aliens Provision."

Despite respondents' arguments, the court agrees with the Rodriguez-Acurio court that neither the language of § 1182(d)(5)(A), nor the "entry fiction" described in Department of Homeland Security v. Thuraissigiam, 591 U.S. 103 (2020) supports a

conclusion that a noncitizen, like petitioner, is subject to mandatory detention under § 1225(b)(1)(B)(i). Rodriguez-Acurio, 811 F. Supp. 3d at 302-303, 306-308. While humanitarian parole is not "admission" into the United States and a noncitizen is deemed an applicant for admission once parole is terminated or expired, § 1182(d)(5)(A) "does not say that parolees return, upon the termination or expiration of their parole, to the position of an applicant for admission standing at the threshold of entry. . . Nor does it say that they are restored to the status that [they] had at the time of parole." *Id*. at 302 (quotation marks and citations omitted). The court agrees with the Rodriguez-Acurio court that being treated like any other applicant for admission as discussed in § 1182(d)(5)(A) means "that rather than reverting to any prior status, a noncitizen whose parole has [terminated] or expired is treated like the vast majority of undocumented immigrants currently living in this country who are not subjected to expedited removal." *Id*. (citation omitted). And the return-to-custody phrase "may permit [petitioner] to be returned to ICE custody, but [his] case, which necessarily includes the procedures required before detention, shall continue to be dealt with in the same manner as that of any other applicant for admission . . . and any other applicant residing in the United States for more than [two] years would be detained under § 1226.'" *Id.* at 303.

Therefore, the court concludes that § 1226(a), rather than § 1225(b)(1)(A)(i), governs petitioner's detention. Because the court concludes § 1226(a) governs petitioner's detention, the court concludes "the due process owed to [him] is that provided in § 1226– namely, an individualized bond hearing before an IJ." Velasquez Salazar v. Dedos, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025). The court will therefore grant the habeas corpus

petition to the extent that petitioner is entitled to habeas relief in the form of a bond hearing under 8 U.S.C. § 1226(a) and will order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days or otherwise release him if no hearing is held within that time. While petitioner requests that, at the bond hearing, the government bear the burden of proof by clear and convincing evidence, the court declines to order the request. This court has concluded that a petitioner is not entitled, as a matter of Fifth Amendment due process, to a bond hearing at which the burden of proof is on the government. *See* Singh v. Mullin, Case No. CIV-26-712-HE, Order dated June 18, 2026, doc. #13.

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED** to the extent that petitioner is entitled to habeas relief in the form of a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) days** or otherwise release petitioner if he has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 7th day of October, 2026.

JOE HEATON
UNITED STATES DISTRICT JUDGE